# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| ERIC ARRANA-GARCIA, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. CV416-120 |
| | ) | CR413-161 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# REPORT AND RECOMMENDATION

Having pled guilty to conspiracy to possess with intent to distribute and to distribute 50 grams or more of methamphetamine; distribution of five grams or more of meth; and using and carrying a firearm during and in relation to a drug trafficking crime, (doc. 103 (plea agreement),[1] doc. 105 (judgment) (entered January 23, 2014)), Eric Arrana-Garcia moves under 28 U.S.C. § 2255 to vacate his carrying conviction. Doc. 112. Review of the parties' briefing shows that his motion must be denied.

After the Court sentenced him to 216 months' imprisonment on

---

[1] All citations are to the criminal docket unless otherwise noted and all page numbers are those imprinted by the Court's docketing software.

January 12, 2015 (doc. 105), Arrana-Garcia never appealed. His conviction thus became final on January 26, 2015. Fed. R. App. P. 4(b)(1)(A) (criminal defendants must file a notice of appeal within 14 days of the entry of judgment). He filed the instant § 2255 motion approximately one year and four months later. Doc. 112 at 2 (signature-filed May 19, 2016). In it he argues that *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), voids his 18 U.S.C. § 924(c) conviction for carrying a firearm during and in relation to a drug trafficking crime. Doc. 112 at 4.[2]

The Armed Career Criminal Act ("ACCA") -- the statute *Johnson* addressed -- provides enhanced penalties for defendants who are (1) convicted of being felons in possession of firearms in violation of 18 U.S.C. § 922(g) and (2) have "three prior convictions . . . for a violent felony or a serious drug offense, or both." It defines "violent felony" as,

---

[2] In a reply to the Government's response, Arrana-Garcia abandons his *Johnson* argument and, for the first time, argues that something about the phrase "brandished a firearm" constitutes a "lie[] . . . fed to the understanding of an under privileged member of a minority, the Petitioner." Doc. 115 at 4. He also contends that his attorney provided ineffective assistance by not fully explaining his plea agreement and threatening him if failed to sign it. *Id.* In addition to lacking all merit, those claims are time-barred. *See infra.*

among other things, a felony that "otherwise involves conduct that presents a serious potential risk of physical injury to another." *Id.* at § 924(e)(2)(B). *Johnson* found that "residual" clause so vague that it violates due process. *See* 135 S. Ct. at 2557. Importantly, it said nothing about "serious drug offenses," which remain a valid basis for ACCA enhancements. *See id.* at 2563 ("Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony," much less its definition of "serious drug offense").

Even assuming it applies at all to § 924(c),[3] *Johnson* provides Arrana-Garcia no succor here. Under that provision, a person cannot use or carry a firearm during or in relation to "any crime of violence *or* drug trafficking crime." 18 U.S.C. § 924(c)(1)(A) (emphasis added). Although one clause of its crime of violence definition reads similarly (though not identically) to ACCA's residual clause (and thus *Johnson*'s logic may well

---

[3] Some courts have found that it does. *See, e.g., United States v. Baires-Reyes*, 2016 WL 3163049 at * 5 (N.D. Cal. June 7, 2016) (finding that § 924(c)'s residual clause is unconstitutionally vague). In this circuit it remains an open question. *See In re St. Fleur*, ___ F.3d ___, 2016 WL 3190539 at * 3 (11th Cir. June 8, 2016).

apply), Arrana-Garcia committed a drug trafficking offense. As the Government aptly put it, "*Johnson* has no conceivable application in that context." Doc. 114 at 3.

Recall that *Johnson* says nothing about the viability of "serious drug offense"[4] predicates. *See* 135 S. Ct. at 2563. The term "drug trafficking crime" in § 924(c)(1)(A) covers similar ground as that ACCA phrase.[5] And just as *Johnson*'s logic failed to implicate drug offenses in the ACCA context, so too does it not apply to "drug trafficking crimes" for purposes of § 924(c).

It follows that Arrana-Garcia cannot look to *Johnson* and § 2255(f)(3) to define when his one-year statute of limitations began to run. Instead, he's relegated to § 2255(f)(1), which dictates that the clock started the day his conviction became final (January 26, 2015). Time

---

[4] Under ACCA, "serious drug offense" means, among other things, "an offense under State law, involving manufacturing, distributing, or possessing with intent to manufacture or distribute, a controlled substance (as defined in section 102 of the Controlled Substances Act (21 U.S.C. 802)), for which a maximum term of imprisonment of ten years or more is prescribed by law." 18 U.S.C. § 924(e)(2)(A)(ii).

[5] "Drug trafficking crime" under § 924(c)(2) "means any felony punishable under the Controlled Substances Act."

4

expired on January 26, 2016, so his motion is untimely by several months (he did not file it until May 19, 2016, doc. 112 at 13).[6]

Accordingly, Eric Arrana-Garcia's § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb.9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2255 ("The district court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant.") (emphasis added). Any motion for leave to appeal *in forma pauperis* therefore is moot.

---

[6] Equitable tolling can, in exceptional circumstances, allow untimely motions to proceed. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). So can a "'fundamental miscarriage of justice'" that "'has probably resulted in the conviction of one who is actually innocent.'" *Fail*, 2016 WL 1658594 at * 4 (quoting *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1931 (2013)). Arrana-Garcia invokes neither tolling nor the miscarriage exception, and offers no new evidence or exceptional circumstances to trigger either.

**SO REPORTED AND RECOMMENDED,** this 9th day of August, 2016.

 _____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA